UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 2: 08-69-DCR |
| ) | |
| V. ) | |
| ) | |
| PRESTON ELLIOTT BELL, JR., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

In *Bartkus v. Illinois*, 359 U.S. 121 (1959), the Supreme Court held that the United States Constitution does not prohibit prosecutions by both the state and federal governments for the same criminal offenses. Following this decision, Attorney General William Rogers established a policy in April, 1959, providing that:

> [a]fter a state prosecution there should be no federal trial for the same act or acts unless the reasons are compelling . . . . No federal case should be tried when there has already been a state prosecution for substantially the same act or acts without the United States Attorney first submitting a recommendation to the appropriate Assistant Attorney General in the Department. No such recommendation should be approved by the Assistant Attorney General without it first having been brought to my attention.

*See United States v. Frederick*, 583 F.2d 273, 274 (1978) (explaining history of the Department of Justice Petite policy). As the Sixth Circuit noted in *Frederick*, while there have been some modifications over the years, the basic policy has been followed by succeeding Attorney

-1-

Generals. *Id.* at 274.[1]  The Department of Justice policy became known as the "Petite policy" after it was referenced in the Supreme Court's decision in *Petite v. United States*, 361 U.S. 529 (1960).

Against this backdrop, Defendant Preston Bell has moved the Court to dismiss the federal indictment[2] returned against him on October 9, 2008. [Record No. 1] According to Bell, the current prosecution violates the Department of Justice's Petite policy because, at the time the federal indictment was returned, he had entered a guilty plea in state court to substantially similar charges and was awaiting sentencing.  However, after reviewing the relevant authorities and undisputed facts, the Court concludes that the Defendant's motion is totally without merit and should be denied.

### I.    Relevant Facts

Defendant Bell was indicted by a state grand jury on July 17, 2008.  The indictment returned to the Kenton Circuit Court charged Bell and co-Defendant Henderson with trafficking

---

[1]    In a speech given at the University of Virginia School of Law in April 1978, Assistant Attorney General Benjamin Civiletti stated that this policy is applicable:

> whenever a prior state prosecution has ended in a determination on the merits of the case, whether the defendant has been acquitted or convicted.  It is not usually applied when the state prosecution has ended without a determination of the defendant's guilt or innocence as, for example, where the case is dismissed in trial order suppressing evidence.

*United States v. Renfro*, 620 F.2d 569, 573-74 (6th Cir. 1980).

[2]    The federal indictment contains five charges against Defendant Bell and co-Defendant Kelly Lynn Henderson.  Count 1 charges that the Defendants conspired to distribute and possess with intent to distribute an unspecified amount of crack cocaine during the period May 7, 2008, through May 21, 2008.  Count 2 charges a conspiracy to distribute and possess with intent to distribute an unspecified amount of heroin during the same time period.  Count 3 charges that the Defendants distributed a detectable amount of heroin on May 21, 2008.  Count 4 charges that the Defendants possessed with intent to distribute crack cocaine on May 21, 2008.  Finally, Count 5 charges that the Defendants possessed with intent to distribute an unspecified amount of heroin on May 21, 2008. [Record No. 1]

in two controlled substances:  heroin (Count 1) and cocaine (Count 2). [*See* Exhibits attached to Record No. 29.]    The indictment alleges that the violations of KRS 218A.1412 occurred on or about May 21, 2008 – the same date charged in Counts 3-5 of the subsequent federal indictment.  Bell entered a guilty plea in the Kenton Circuit Court on October 7, 2008, to both state charges.  According to the Commonwealth's offer, if the matter proceeded to trial, it would establish that, on May 21, 2008, Defendant Bell sold heroin to a cooperating witness on May 21, 2008, and that a subsequent search revealed that the Defendant possessed 11.7 grams of cocaine base (*i.e.*, crack cocaine) and 3.7 grams of heroin. [*See* Exhibits attached to Record No. 27.] The Defendant's change of plea was accepted by Judge Gregory Bartlett of the Kenton Circuit Court on October 10, 2008, with a sentencing hearing scheduled for November 24, 2008. [*Id.*]

While the state court matter was proceeding against Defendant Bell, a federal grand jury sitting in Covington, Kentucky, returned an indictment against him and co-Defendant Henderson.[3]  As outlined above in footnote 2, the federal indictment was returned the day before the Kenton Circuit Judge accepted Bell's guilty plea to the two state charges.  Before the scheduled date of the sentencing hearing in state court, the Commonwealth moved to dismiss the

---

[3] The United States asserts that the federal indictment is more expansive in scope that the state indictment, as evidenced by the federal conspiracy counts (Counts 1 and 2).  Further, it contends that the amount of controlled substances is substantially greater in the federal indictment (*i.e.*, a conspiracy to distribute more than 50 grams of crack cocaine and heroin over a two week period).  Thus, it argues that the present federal prosecution does not violate the Petite policy because the state charges do not represent "substantially the whole of the contemplated federal charges."  *See United States Attorneys' Manual* 9-2.031(B). [*See* Record No. 29, p. 3.]  While no proof has been offered to support the quantity of drugs relating to the federal charges, the Court finds it unnecessary to address whether the charges contained in the federal indictment are greater in scope that the now-dismissed state charges.  Because there has been no final adjudication of the subject state charges and because the Defendant lacks standing to assert a violation of the Department of Justice's Petite policy, Bell's motion to dismiss is without merit.

state charges against Bell. And by order dated November 18, 2008, that motion was granted and the state charges were dismissed, without prejudice. [*See* Exhibits to Record No. 29.]

**II.    Legal Analysis**

While the facts outlined above establish that there has been no final adjudication of guilt or innocence to the charges returned by the state grand jury and, therefore, no actual violation of the Petite policy, the Defendant's motion will be denied for a more fundamental reason: Bell lacks standing to challenge any such alleged violation. As the Sixth Circuit recognized nearly thirty years ago, the Petite Policy "is not constitutionally mandated and confers no rights upon the accused." *United States v. Frederick, supra,* at 274 (*quoting Rinaldi v. United States*, 434 U.S. 22, 29 (1977)). Thus, a defendant will receive the benefit of the policy only when it is urged by the government. *Id.* at 275.

Following *Frederick*, the Sixth Circuit and district courts within the circuit have consistently affirmed that a defendant such as Bell cannot not avail himself of an alleged Petite policy violation. *United States v. Renfro*, 620 F.2d 569 573-74 (6th Cir. 1980); *United States v. Henderson*, 1999 U.S. App. LEXIS 8670 (6th Cir., May 3, 1999); and *United States v. Neely*, 2008 U.S. Dist. LEXIS 48858 (E.D. Tenn. June 23, 2008).

As United States District Judge Ronnie Greer recently concluded,

> [e]ven assuming, *arguendo*, that the Petite policy applied to the petitioner's situation, it would have afforded no relief to the petitioner. Court's have uniformly held that a criminal defendant cannot invoke the Petite policy as a bar to a federal prosecution. *United States v. Snell*, 592 F.2d 1083 (9th Cir. 1979); *United States v. Michel*, 588 F.2d 986, 1003 (5th Cir. 1979) (*citing United States v. Nelligan*, 573 F.2d 251, 255 (5th Cir. 1978); *United States v. Frederick*, 583 F.2d 273 (6th Cir. 1978); *United States v. Wallace*, 578 F.2d 735 (8th Cir. 1978).

>The policy is not constitutionally mandated and confers no rights upon the accused. *Rinaldi v. United States*, 434 U.S. 22, 29 (1977); *Frederick*, 583 F.2d 273. Only the government has standing to seek a dismissal of an indictment because of a violation of the Petite policy. *United States v. Renfro*, 620 F.2d 569, 574 (6th Cir.) *cert. denied* 449 U.S. 902 (1980).

*Id.* at *18-*20.

Finally, as the Sixth Circuit held in *Renfro*, the decision of whether to prosecute, "is a decision firmly committed by the constitution to the executive branch of the government." It would be a violation of the Separation of Powers Doctrine to encroach upon the Department of Justice's decision by allowing judicial intervention via enforcement of the Petite policy. *Renfro, supra,* at 574. Accordingly, it is hereby

**ORDERED** that the Defendant's motion to dismiss [Record No. 27] is **DENIED**.

This 7th day of January, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge