UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 08-069-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| PRESTON ELLIOTT BELL, JR., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Preston Bell pleaded guilty in February 2009 to conspiring to distribute and possessing with the intent to distribute fifty grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Record No. 37] He was subsequently sentenced to a 152-month term of imprisonment, to be followed by 10 years of supervised release. [Record No. 61] The United States Sentencing Commission has identified Bell as potentially eligible for a sentence reduction under the First Step Act of 2018 ("2018 Act").[1] The United States Probation Office prepared an analysis regarding the First Step Act's impact on Bell's sentence pursuant to General Order 19-5. Having reviewed the record and Probation's analysis, the Court concludes that a sentence reduction pursuant to the 2018 Act is not appropriate.

Bell pleaded guilty to count 1 of the indictment, charging him with conspiring to distribute and possessing with intent to distribute fifty grams or more of cocaine base. He was

---

[1] The Bureau of Prison's inmate locator service list Bell's scheduled release date as: June 22, 2019. (*See* https://www.bop.gov/inmateloc/; last visited May 1, 2019.)

-1-

subject to a statutory mandatory minimum sentence of 20 years and a maximum of life based on his prior conviction for a felony drug offense and the quantity of crack cocaine involved in the offense. 21 U.S.C. § 841(b)(1)(A)(iii) (Effective: July 27, 2006 to Apr. 14, 2009). Bell's criminal history includes convictions for home invasion and controlled substance delivery/manufacture which resulted in Bell being classified as a career offender under Section 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G.").

Bell was responsible for between 50 and 150 grams of cocaine base, resulting in a base offense level of 30 under U.S.S.G. § 2D1.1. But because he was classified as a career offender and the statutory maximum for the offense was life, he was assigned an offense level of 37 under U.S.S.G. § 4B1.1. Bell received a 3-level adjustment for acceptance of responsibility, resulting in a total offense level of 34. Further, his past convictions led to a criminal history score of 13, resulting in a criminal history category of VI. Even if Bell's criminal history category was not initially VI, it was determined that he was a career offender within the meaning of U.S.S.G. § 4B1.1, and a career offender's criminal history category in every case is a category VI. *See* U.S.S.G. § 4B1.1(b) (2009). Bell's total offense level and criminal history category resulted in an advisory guidelines range of 262-327 months' imprisonment.

The Court sentenced Bell below the guidelines range and statutory minimum pursuant to a 5K1.1 motion and 18 U.S.C. § 3553(e). Ultimately, the Court concluded that a sentence of 152 months was sufficient, but not greater than necessary, to serve the purposes of 18 U.S.C. § 3553(a).

The Fair Sentencing Act of 2010 ("FSA") effectively increased the quantity of cocaine base needed to trigger mandatory minimum sentences under 21 U.S.C. § 841(b). Pub. L. No. 111-220. After the enactment of the FSA, a quantity of cocaine base between 28 grams and

280 grams results in a mandatory minimum sentence of 10 years if the defendant had a prior conviction for a felony drug offense. 21 U.S.C. § 841(b)(1)(B) (effective Aug. 3, 2010 to Dec. 20, 2018). The FSA was not previously retroactive, but the 2018 Act signed into law on December 21, 2018, permits courts to apply the FSA retroactively to reduce the sentences of defendants convicted of certain crack cocaine offenses. Pub. L. No. 115-391. Pursuant to the retroactive application of the FSA, Bell's mandatory minimum would decrease to 10 years, but the statutory maximum remains a term of life imprisonment.

While Bell pleaded guilty to a violation of 21 U.S.C. § 841(a), he was sentenced as a career offender under U.S.S.G. § 4B1.1. Therefore, even if Bell was sentenced pursuant to the FSA, his guideline range would not change because offense levels under U.S.S.G. § 4B1.1 are driven by the statutory maximum sentence. The statutory maximum is still life in prison, so Bell's offense level remains 37. Applying the three-level reduction for acceptance of responsibility would lead to a total offense level of 34. Additionally, his criminal history category remains VI, so the appropriate guidelines range pursuant to the FSA would be 262 to 327 months of imprisonment. Accordingly, although 152 months is above the applicable statutory mandatory minimum sentence pursuant to the FSA, it is below the advisory guidelines range. More importantly, it remains the minimum term of imprisonment that is sufficient, but not greater than necessary, to promote the purposes of 18 U.S.C. § 3553(a). Finally, even though Bell was sentenced to a term of supervised release of 10 years and the minimum term has been reduced to 8 years pursuant to the FSA, 10 years remains the minimum term of supervision that will serve the purposes of 18 U.S.C. § 3553(a).

Based upon the foregoing, it is hereby

**ORDERED** that a sentence reduction under the First Step Act of 2018 is not appropriate for Defendant Preston Bell. The Clerk of the Court is directed to forward a copy of this Memorandum Opinion and Order to the defendant at his current location: (Register Number: 11892-032) RRM Raleigh, P.O. Box 7000, Old NC 75 Highway, Butner, North Carolina 27509.

Dated: May 1, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge